LAWSON McSPATTON v. THE STATE.

*No. 3237. Decided January 30.*

1. **Charge of Court—Erroneous when Not Called for by the Evidence.—** It is error to charge upon a phase of a case not raised by the evidence, or upon which there was no evidence to warrant such charge. And such charge, if excepted to, constitutes reversible error.

2. **Same—Abandonment of Difficulty—Revival of Right of Self-Defense.** Where on a trial for assault to murder defendant asks a special instruction as follows, viz. "If the defendant went to Sam Miller's house to commit any offense against the law, but abandoned such intention and attempted to avoid a difficulty with his adversary, and was then pursued, his right of self-defense revived, and he had the right to kill his adversary to prevent being killed or suffering any serious bodily injury to himself; and if the jury so find, they will acquit the defendant." *Held,* that the charge being substantially correct, it was error to refuse it.

APPEAL from the District Court of Washington. Tried below before Hon. W. W. Searcy, Special Judge.

On a trial under an indictment for an assault with intent to murder, appellant was found guilty of aggravated assault and his punishment assessed at a fine of $25. The facts necessary to an understanding of the rulings are sufficiently stated in the opinion.

*Campbell & Pennington,* for appellant.

*R. H. Harrison,* Assistant Attorney-General, for the State, submitted the case on the record.

DAVIDSON, JUDGE.—It appears from the evidence in this case that one Miller had become very jealous of the attentions appellant had been paying to his wife, Mrs. Miller, and had notified appellant on several occasions to cease his attentions to his wife, and had ordered him not to come about his home and premises. On the date of the occasion which led to this prosecution, Miller, who was engaged in watering the streets of the city of Brenham, while upon his cart attending to his duties, saw the appellant passing down the street rapidly in the direction of his (Miller's) home. He determined to intercept and prevent appellant from visiting his wife and domicile in violation of his demands and injunctions. He seized an iron rod and started off in a hurry to overtake defendant and chastise him for visiting his house and wife, contrary to his wishes and against his express demands.

When Miller was one hundred and fifty or two hundred yards from his house he saw appellant getting over his back fence, and pursued him. The defendant seeing the irate husband approach, and fearing the consequences, fled. The husband, after chasing him around several squares in the town, finally met appellant two or three blocks from his (Miller's) house, and said to him, "I thought I told you to stay away from my house;" whereupon the defendant, running backward, snatched his pistol out, and said, "I will blow your brains out if you run on me," and snapped his pistol at Miller two or three times. Miller knocked the pistol out of defendant's hands and struck him several times with the iron bar. Under this state of facts the defendant was indicted for an assault with intent to murder Miller.

At the trial the learned special judge instructed the jury, among other things, as follows: . "You are further instructed that a homicide is lawful and justifiable when committed by the husband upon the person of any one taken in the act of adultery with the wife, provided that the killing take place before the parties to the act of adultery have separated—that is, while they are still in each other's company after the act of adultery. And such being the case, if the husband should make an assault upon such person, and such person should in his defense kill the husband, then he would not have a perfect right of self-defense, but such right would be limited to a reduction of the offense. And if you

believe from the evidence that the said Sam Miller took the said defendant, McSpatton, and his (Miller's) wife in the act of adultery, and then and there pursued and attempted to kill said McSpatton or do him serious bodily injury, and that in defense of himself against such attack, if any, or some act then done by Miller manifesting an immediate intention to then and there assault the defendant, the said defendant then assaulted Miller, and attempted to kill him, the defendant would be guilty of an aggravated assault, which is punished by fine not less than $25 nor more than $1000, or by confinement in the county jail for not less than one month nor more than two years, or by both such fine and imprisonment." This portion of the charge was specially excepted to by the defendant as being wholly irrelevant and unwarranted by any evidence in the case. Defendant was convicted of aggravated assault, and his punishment assessed at a fine of $25. We are of opinion that the charge is objectionable for the reasons stated in the bill of exceptions.

However strong and warranted Miller's suspicion might have been that the defendant had previously been guilty of adultery with his wife, the evidence in this case fails to show that the defendant had had carnal intercourse with or had even seen Miller's wife on this occasion, much less that they had been taken in adultery; and instead of the parties being taken in the act of adultery, and not having separated as stated above, the evidence shows that defendant was two squares from Miller's house at the time of the difficulty, and there is no fact going to show that Miller's wife was nearer to the parties than two squares at that particular time, and the nearest point of contact between Miller's wife and appellant was Miller's back fence, so far as the record discloses, provided she was at home at the time.

In order to meet this charge of the court, the defendant asked a special instruction in the following language, to-wit: "The jury are instructed that if the defendant went to Sam Miller's house to commit any offense against the law, but abandoned such intention, and attempted to avoid a difficulty with his adversary, and was then pursued, his right of self-defense revived, and he had the right to kill his adversary to prevent being killed or any serious bodily injury to himself; and if the jury so find, they will acquit the defendant;" which requested instruction was refused by the court, and a bill of exceptions reserved to the refusal. This special instruction, while not technically correct, was substantially so, and should have been given as a part of the law of the case, and it was error to refuse same.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.